## MACHINE COMPANY *v.* GAGE.

The Supreme Court of Tennessee decided that the law of that State imposing an annual tax upon "all pedlers of sewing-machines and selling by sample," levies such "tax upon all pedlers of sewing-machines, without regard to the place of growth or produce of material or of manufacture." *Held,* that the law, so construed, is not in violation of the Constitution of the United States.

ERROR to the Supreme Court of the State of Tennessee. The facts are stated in the opinion of the court.

*Mr. R. McPhail Smith* for the plaintiff in error.

No counsel appeared for the defendant in error.

MR. JUSTICE SWAYNE delivered the opinion of the court.

The Howe Machine Company is a corporation of the State of Connecticut. It manufactured sewing-machines at Bridgeport, in that State, and had an agency at Nashville, in the State of Tennessee. From the latter place, an agent was sent into Sumner County to sell machines there. A tax was demanded from him for a pedler's license to make such sales. He denied the validity of the law under which the tax was claimed, but, according to a law of the State, paid the amount demanded by the defendant, as clerk of the county court. The company, who brought this suit to recover it back, was defeated in the lower court, and the judgment was affirmed by the Supreme Court of the State.

The Constitution of Tennessee (art. 11, sect. 30) declares that "no article manufactured of the produce of this State shall be taxed otherwise than to pay inspection fees."

"Sales by pedlers of articles manufactured or made up in this State, and scientific or religious books, are exempt from taxation." Code of Tennessee, sect. 546.

"All articles manufactured of the produce of the State" are exempt from assessment or taxation. Acts of 1875, c. 98, sect. 10.

"All pedlers of sewing-machines and selling by sample" shall pay a tax of ten dollars. Code, sect. 553 *a*, subsect. 43.

By a subsequent act of the legislature, this tax was increased to fifteen dollars.

The sewing-machines here in question were made in Connecticut. The Supreme Court of the State held, in this case, "that the law taxing the pedlers of such machines, levied the tax upon all pedlers of sewing-machines, without regard to the place of growth or produce of material or of manufacture."

We are bound to regard this construction as correct, and to give it the same effect as if it were a part of the statute. *Leffingwell* v. *Warren*, 2 Black, 599.

The question presented for our consideration is not difficult of solution. A brief reference, however, to some of the adjudications of this court, bearing with more or less directness upon the subject, may not be without interest.

A State cannot require a license to be taken out to sell foreign goods while remaining in the packages in which they were imported. Such a law is contrary to the provision of the Constitution of the United States touching the laying of imposts by a State, and to the commerce clause of that instrument. *Brown* v. *The State of Maryland*, 12 Wheat. 419.

A State cannot give to the master and wardens of a port, in addition to other fees, the sum of five dollars, whether they are called on to perform any service or not, for every vessel arriving in the port. This would be a regulation of commerce and a tonnage duty, both involving the exercise of a power which is withheld from the States. *Steamship Company* v. *The Port-wardens*, 6 Wall. 31.

A purchaser of goods coming from abroad, the goods to be at his risk until delivered to him, is not an importer, and the goods may be taxed while in the original packages. *Waring* v. *The Mayor*, 8 id. 110.

The provision in the Constitution of the United States that "no State shall levy imposts or duties on imports or exports," does not refer to articles brought from one State into another, but exclusively to articles imported from foreign countries. Hence, a tax imposed by a State upon all auction sales, whether by citizens of such State or of another State, and whether the articles are the products of such State or of another State, without any discrimination, is valid. *Woodruff* v. *Parham*, id. 123.

Where a State imposes the same rate of taxation upon like

articles, whether brought from another State or the products of the State imposing the tax, the tax may be enforced. *Hinson* v. *Lott*, id. 148.

A State cannot impose a higher tax upon pedlers from another State than is imposed upon her own citizens under like circumstances. Any discrimination in favor of the latter is fatal to the statute. *Ward* v. *State of Maryland*, 12 id. 163, 418.

A State cannot impose a tonnage tax upon vessels belonging to her own citizens, and engaged exclusively in commerce between places within her own limits. Id. 204.

A State law imposing a tax upon freight brought into, taken from, or carried through the State is a regulation of commerce, and contrary to the provision of the Constitution which declares that " Congress shall have power to regulate commerce with foreign nations, between the several States, and with the Indian tribes." *Case of the State Freight Tax*, 15 id. 232.

A State cannot impose a tonnage tax upon vessels owned in foreign ports, to defray the expenses of administering her quarantine regulations. *Peete* v. *Morgan*, 19 id. 581.

A tax for a license to sell goods is in effect a tax on the goods authorized to be sold.

A law which requires a license to be taken out by pedlers who sell articles not produced in the State, and requires no such license with respect to those who sell in the same way articles which are produced in the State, is in conflict with the power of Congress to regulate commerce with foreign nations and among the several States. This power applies to articles taken from one State into another, until they become mingled with and a part of the property of the latter, and thereafter protects such articles from any burden imposed by reason of their foreign origin.

The non-exercise by Congress of the power to regulate interstate commerce is equivalent to a declaration that it shall be free from any restrictions. *Welton* v. *State of Missouri*, 91 U. S. 275.

A State may demand from a vessel a list of passengers, with their ages, places of birth, occupations, last place of legal settlement, &c. Such a requirement is a police regulation. *City of New York* v. *Miln*, 11 Pet. 102.

But it cannot require a sum to be paid for each passenger landed. *Passenger Cases*, 7 How. 283.

A statute which imposes a heavily burdensome condition upon a shipmaster as a prerequisite to landing his passengers, and allows him the alternative of paying a small sum for each one landed, is a regulation of commerce, and therefore void.

What may be done by a State to protect itself from the influx of paupers and convicted criminals, in the absence of legislation on the subject by Congress, is left undecided. *Henderson* v. *The Mayor of New York et al.*, 92 U. S. 260.

A tax by a State on the amount of goods sold at auction is a tax upon the goods so sold. A law which requires every auctioneer to pay into the State treasury a tax on his sales is, when applied to goods imported and sold in the original packages, in conflict with sects. 8 and 10, art. 1, of the Constitution of the United States, and therefore invalid. *Cook* v. *Pennsylvania*, 97 id. 566.

A State cannot by law authorize a municipal corporation to exact such wharfage as it may deem reasonable from vessels using certain designated wharves, and laden with articles not the products of the State, while vessels laden with such products of the State are exempted from any charge whatever. Such a statute, and an ordinance enacted by the corporation to carry it out, are void. They are a regulation of commerce. *Guy* v. *Baltimore, supra*, p. 434.

In all cases of this class to which the one before us belongs, it is a test question whether there is any discrimination in favor of the State or of the citizens of the State which enacted the law. Wherever there is, such discrimination is fatal. Other considerations may lead to the same result.

In the case before us, the statute in question, as construed by the Supreme Court of the State, makes no such discrimination. It applies alike to sewing-machines manufactured in the State and out of it. The exaction is not an unusual or unreasonable one. The State, putting all such machines upon the same footing with respect to the tax complained of, had an unquestionable right to impose the burden. *Woodruff* v. *Parham, Hinson* v. *Lott, Ward* v. *State of Maryland, Welton* v. *State of Missouri, supra.*

*Judgment affirmed.*