THE STATE v. A. C. WESSELL.

*Constitution—Taxation—License.*

One who engages, on his own account, in the business of buying and selling sewing machines in this State, is required to pay the tax and obtain the license prescribed by Chapter 323, § 25, Laws of 1891, notwithstanding the machines were manufactured in another State.

CRIMINAL ACTION, tried at July Term, 1891, of the Criminal Court of NEW HANOVER, *Meares, J.,* presiding.

The jury returned the following special verdict:

"That the defendant A. C. Wessell did engage as principal and on his own account in the business of selling sewing machines in the county of New Hanover and State of North Carolina without having first obtained a license therefor, and without having paid to the State Treasurer the tax of $250 for the privilege of engaging in said business, and that said sewing machines were manufactured by the Remington Sewing Machine Company, a corporation doing business and resident in the State of New York, and shipped by them to the defendant on the defendant's account in the aforesaid county and State."

Thereupon, the Court adjudged the defendant to be guilty, and he appealed.

*The Attorney General,* for the State..

*Messrs. J. B. Batchelor* and *John Devereux, Jr,* for defendant.

CLARK, J.: It is found by the special verdict that the defendant was engaged on his own account in the business of selling sewing machines in the county of New Hanover, without having first obtained a license therefor nor having paid the tax of $250 required by the State law for the priv-

ilege of exercising such occupation.   It is further found that the sewing machines were manufactured by a corporation in Pennsylvania, and shipped by it to the defendant on the defendant's account.

We fail to see how this can come within the purview of the constitutional provision that Congress has power "to regulate commerce among the States."   There is no tax laid on the dealings between the manufacturer in Pennsylvania and the defendant.   The tax is laid on the occupation in which the defendant is engaged of selling sewing machines to parties in this State.   It can make no difference whether he has previously obtained the machines from a manufacturer within this State or out of it.   Indeed the identical point now presented was before the United States Supreme Court in *Machine Co.* v. *Gage*, 100 U. S., 676, and the Court held that a State law, imposing an annual tax upon "all pedlers of sewing machines without regard to the place of growth or produce of material or of manufacture," was not in violation of the Constitution of the United States.

Affirmed.