STATE, *ex rel*. W. P. LEATHERS, v. D. C. COLEMAN, as Sheriff of Dade County.

166 So. 226.
Division B.
Opinion Filed February 21, 1936.

*Jack Kehoe* and *J. Walter Kehoe,* for Relator;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *W. McL. Christie,* for Respondent.

TERRELL, J.—Relator was informed against in the Criminal Court of Record for Dade County. He was charged with violating Chapter 17113, Acts of 1935, defining and regulating dealers in second-hand or used motor vehicles. He now seeks to be relieved of this charge by habeas corpus.

Relator grounds his right to release on the allegation that he is engaged in interstate commerce and that Chapter 17113, Acts of 1933, under which he is held, is void because in violation of Clause 3, Section 8, Article One, of the Federal Constitution relating to interstate commerce.

Clause 3, Section 8, Article One of the Federal Constitution empowers Congress to regulate commerce with foreign nations and among the several States and with Indian tribes. It is admitted that under this provision Congress is vested with exclusive power to regulate commerce between or among the several States and that no State law can impose a burden on interstate commerce except as authorized by Congress, so the questions here turn on the fact of whether or not relator was actually engaged in interstate commerce.

Chapter 17113 in essence requires resident and non-resident dealers in motor vehicles brought from a foreign State for sale in this State to register such motor vehicles with the Motor Vehicle Commissioner of Florida, on a form provided by him and under such regulations as he may impose. The Act further provides that before such vehicles are offered for sale here the vendor must execute a bond payable to the Governor of Florida for the benefit of the purchaser, conditioned to pay all losses or expenses that may be sustained by the purchaser by reason of failure or defect in the title of such motor vehicle. The amount of the bond

shall not exceed one thousand dollars and shall be filed with the Motor Vehicle Commissioner of the State, who shall receive a fee of one dollar for registering the motor vehicle and a fee of five dollars for each bond filed and approved.

Inspection of the Act discloses that all dealers in used motor vehicles are treated alike, that its purpose was to protect purchasers of used motor vehicles brought from a foreign State for sale in this State, and that neither the registration fee nor the bond approval fee attach until the motor vehicle comes to rest and is offered for sale in this State. It has no application whatever to motor vehicles being transported through the State or into the State in interstate commerce.

The rule is settled that when goods come to rest and become intermingled with the general property in the destination State they become subject to the revenue laws of the latter State, having lost their interstate character. The rule is applicable in cases where the goods are resold and shipped to a foreign port. Brown v. Houston, 114 U. S. 622, 5 Sup. Ct. 1091, 29 L. Ed. 257. In this view of the case there is no theory under which it can be said that Clause 3, Section 8, Article One, of the Federal Constitution, is violated.

Since the fees complained of do not attach until the motor vehicles come to rest and are offered for sale in this state such fees cannot be classed as a tax on the importation of second hand motor vehicles but they are nothing more than service charges for approving the bond and for registration. They are not shown to be unreasonable or burdensome and their practical operation and effect place the vendor of used motor vehicles in substantially the same status as the vendor of other motor vehicles.

It not having been shown that Chapter 17113 is vulner-

able to the assault made on it, it follows that petitioner must be and is hereby remanded to the Sheriff of Dade County.

ELLIS, P. J., and BUFORD, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.