198 So. 363
### STATE v. COCA COLA BOTTLING WORKS, Inc.
### 6 Div. 650.

Court of Appeals of Alabama.
Oct. 29, 1940.

---

[1] Ante, p. 502.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Attys. Gen., for appellant.

Oliver E. Young, of Vernon, for appellee.

**SIMPSON, Judge.**

The controlling question is whether a non-discriminatory privilege license laid upon "Each person engaged [in this State] in the business of selling at wholesale non-alcoholic, carbonated, or other soft drinks * * *" 1935 Rev.Code, Sec. 348, Schedule 129, Gen.Acts of Ala.1935, pp. 256, 441, 491, as applied to appellee (defendant), infringes the commerce clause of the Federal Constitution. This appeal challenges the correctness of the decision of the trial court in ruling in the affirmative with respect thereto.

The appellee, a non-resident corporation of Columbus, Mississippi, manufacturing bottled drinks of the kind described in the license schedule during the tax year 1936-37, sold at wholesale to retail dealers in Lamar County, Alabama, its said products, delivering the same by its trucks proceeding from its warehouse in Mississippi. Its method of selling in Alabama was as follows: At the beginning of the year the Alabama customers (merchants), desirous of purchasing the products, would sign a "blanket order," such as the one in evidence exhibited with the testimony of the witness Hays, to wit:

"Coca Cola Bottling Works
 "Columbus, Miss.
"Gentlemen:
 "Please deliver to me each week 8 Coca Cola 3 Cases Soda Water.
                    "Signed V. D. Hays"

These orders were accomplished by appellee's salesmen and sent or taken by them to appellee in Mississippi. Upon execution of such an order, weekly deliveries were made to these customers of so much of the products—if any—as they might desire. Neither of the parties considered the written order as binding, but, to the contrary, when the appellee's truck would make its weekly visits to Alabama, the customers would "take" or not "take" the "drinks," as they desired; they would only "take" such number of cases as was needed or desired, but never more than the order stipulated. If none was desired none was delivered, and the witness Hays, while the order included it, "never did take any soda water."

Recent decisions of the Supreme Courts of the United States and of Alabama have clearly demonstrated that a license or privilege tax, such as the one involved here, does not, as applied to the transactions engaged in by appellee, impose upon interstate commerce such multiple or discriminatory burdens as to render it unconstitutional.

"It was not the purpose of the commerce clause to relieve those engaged in interstate commerce from their just share of state tax burden even though it increases the cost of doing the business. 'Even interstate business must pay its way,' Postal Telegraph-Cable Co. v. Richmond, 249 U.S. 252, 259, 39 S.Ct. 265, 266, 63 L. Ed. 590; Ficklen v. Shelby County Taxing Dist., 145 U.S. 1, 24, 12 S.Ct. 810, 36 L.Ed. 601; Postal Telegraph Cable Co. v. Adams, 155 U.S. 688, 696, 15 S.Ct. 268, 360, 39 L.Ed. 311; Galveston, H. & S. A. R. Co. v. Texas, 210 U.S. 217, 225, 227, 28 S.Ct. 638, 52 L.Ed. 1031, and the bare fact that one is carrying on interstate commerce does not relieve him from many forms of state taxation which add to the cost of his business." Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 254, 58 S.Ct. 546, 548, 82 L.Ed. 823, 115 A.L.R. 944.

The questioned license schedule is a non-discriminatory, privilege tax in the buyer's state laid upon all alike who sell at wholesale in Alabama. It—using the "rationale" of the case of McGoldrick v. Berwind-White Coal Min. Co., 309 U.S. 33, 60 S. Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876—"neither discriminates against nor obstructs interstate commerce more than numerous other state taxes which have repeatedly been sustained as involving no prohibited regulation of interstate commerce." 309 U.S. 33, 60 S.Ct. 398, 84 L. Ed. 565, 128 A.L.R. 876.

A tax imposed by the buyer's state upon a sale of goods, (some instances in the original package), consummated by delivery to the purchaser at the end of an interstate journey, has been consistently sustained by the United States Supreme Court, whether the local seller has purchased the articles without the state for resale or the extra-state seller has shipped them into the taxing state for resale there.

"It [the court] has likewise sustained a fixed-sum license tax imposed on the agent of the interstate seller for the privilege of selling merchandise brought into the taxing state for the purpose of sale. Howe Mach. Co. v. Gage, 100 U.S. 676, 25 L.Ed. 754; Emert v. Missouri, 156 U.S. 296, 15 S.Ct. 367, 39 L.Ed. 430 [5 Interst.Com.R. 68]; Kehrer v. Stewart, 197 U.S. 60, 25 S.Ct. 403, 49 L.Ed. 663; Baccus v. Louisiana, 232 U.S. 334, 34 S.Ct. 439, 58 L.Ed. 627; Wagner v. Covington, 251 U.S. 95, 104, 40 S.Ct. 93, 64 L.Ed. 157, 168." McGoldrick case, supra, 309 U.S. 33, 60 S. Ct. 394, 84 L.Ed. 565, 128 A.L.R. 876.

These cases (Western Live Stock and McGoldrick) are, according to our construction of them, conclusive that, as applied to the appellee's business in this state, the license in question was in no sense in conflict with Article 1, Sec. 8, of the Federal Constitution. Alabama authorities of like effect are Graybar Electric Co. v. Curry, 238 Ala. 116, 189 So. 186, affirmed 308 U.S. 513, 60 S.Ct. 139, 84 L.Ed. 437; Curry v. Feld, 238 Ala. 255, 190 So. 88; State v. Stein, Ala.Sup., 199 So. 13, October 10, 1940.

But without the guide of these recent cases, former decisions of the appellate courts of this state and of the United States plainly give validity to the license under discussion with respect to the facts here prevailing. The obvious desire of appellee, as evidenced by the adroit method of selling, to bring its business within the protection of the "commerce clause," was not thereby effectuated, the true facts disclosing otherwise. The case is governed by the facts and not by the form of the contract. Graybar case, supra. Here we have a non-resident selling soft drinks at wholesale within this state, seeking to avoid a license, non-discriminatory in character, levied upon all wholesalers alike. The written order is unimportant, neither vendor nor vendees considering it binding. The appellee's situation was not substantially different from that epitomized in the first headnote of Wagner v. City of Covington, 251 U.S. 95, 104, 40 S.Ct. 93, 64 L.Ed. 157, 168:

"Where a manufacturer of goods habitually causes them to be carried on his vehicles from the State of manufacture to various establishments of retail dealers who are his customers in an adjoining State, and there sold and delivered to such dealers in the original packages in such quantities as they may desire to purchase at the times of such visits, the business, as thus transacted with them, is that of an itinerant vender or peddler, and may be taxed in the second State under a nondiscriminating license tax law without imposing a direct burden on interstate commerce."

█ Our appellate courts, as well as that of the United States, have repeatedly held that a non-discriminatory license regulation, imposed by a buyer's state upon such sales of goods within its borders, irrespective of the place of manufacture, is not offensive to the "commerce clause" of the Federal Constitution. Johnston v. State, 16 Ala.App. 425, 78 So. 419; Wagner v. City of Covington, 251 U.S. 95, 102, 104, 40 S.Ct. 93, 64 L.Ed. 157, 168; Ward Baking Co. v. Federal Trade Comm., 9 Cir., 264 F. 330; Howe Machine Co. v. Gage, 100 U.S. 676, 25 L.Ed. 754; Emert v. Missouri, 156 U.S. 296, 15 S.Ct. 367, 39 L.Ed. 430.

The foregoing indicates the error of the lower court in rendering judgment for appellee. Appellant is entitled to recover the amount of the license, etc., due for the year involved, and the judgment of the court below is accordingly reversed and judgment here rendered for appellant for said amount.

Reversed and rendered.