3 So.2d 421
### STATE v. KIMBROUGH.
#### 8 Div. 155.

Court of Appeals of Alabama.
June 30, 1941.

Thos. S. Lawson, Atty. Gen., and James F. Matthews, Asst. Atty. Gen., for the State.

236

Lange, Simpson, Brantley & Robinson, of Birmingham, amici curiae.

S. A. Lynne, of Decatur, for appellee.

RICE, Judge.

The following certification to the Supreme Court, and its answer thereto, make clear the reasons for our later announced holding on this appeal, to-wit:

"To the Honorable Supreme Court of Alabama,

"Gentlemen:

"There is pending in this court an appeal taken by the State of Alabama under the provisions of Code 1928, Sec. 3239, Code 1940, Tit. 15, § 370, from a judgment of the Morgan County Court holding to be unconstitutional and void the Act of the Legislature of Alabama approved March 2nd 1937, the title of which Act is: 'To regulate the business of selling used motor vehicles ·by dealers not residing in or having a permanent place of business in the State of Alabama, and by resident dealers purchasing, handling and selling used vehicles, used or acquired from nonresident dealers; to require the registration of all used motor vehicles brought into the State of Alabama for the purpose of sale, with Probate Judges in several counties; to require all such dealers to execute and deliver to such purchaser of such used vehicles, a bond indemnifying the purchaser against failure of title, breach of warranty, or fraudulent misrepresentation; to define the terms "dealer" and "vendor", and to provide penalties for the violation of the provisions of this Act.' Gen. and Local Acts Alabama Extra Session 1936–1937, p. 263, Code 1940, Tit. 36, § 104 et seq.

"The occasion of said holding by the Morgan County Court was a prosecution instituted by affidavit against one Pat Kimbrough for a violation of the terms of said above-described act (and, incidentally, for a violation of the amendment—not material to the constitutional question presented—of said act found in General Acts Alabama 1939 at page 988, Code 1940, Tit. 36, § 107), wherein the demurrers of defendant Kimbrough taking the point that said act was in violation of numerous sections of the Constitution of Alabama of 1901, and of the Constitution of the United States, were sustained.

"The sole question presented in the appeal is the constitutionality, vel non, of the above-described act of the Legislature of Alabama.

"The judges of this court are unable to reach an unanimous conclusion, or deci-

sion, as to the correct solution of the question posed by the appeal mentioned.

"Accordingly, under the authority of Title 13, Sec. 88, of the Code of 1940, Code 1928, Sec. 7311, I am, as one of the judges of the Court of Appeals, certifying to you this question:

"1. Is or not the Act of the Legislature of Alabama approved March 2nd 1937, described hereinabove, a valid, constitutional enactment?

"For your assistance I transmit herewith the record, together with all briefs of counsel, in the appeal mentioned—the said record bearing endorsements: '8th Div. 155, State of Alabama, Appellant, v. Pat Kimbrough, Appellee.'

"Respectfully submitted,
"JAMES RICE
As Judge of the Court of
Appeals of Alabama."

"To the Court of Appeals of Alabama:

"In response to request certified to us by Judge RICE, a copy of which is hereto attached, we respectfully submit:

"BOULDIN, Justice.

"The legislative act in question, now appearing as Tit. 36, § 104 et seq., Code of 1940, is challenged as violative of the commerce clause of the Constitution of the United States, Article 1, § 8, cl. 3.

"In brief, the act requires all persons, including local dealers, who bring used cars into Alabama for sale, to do three things before offering same for sale:

"1. Register each car using a form provided by the Judge of Probate. The contents of this form are not specified, but left to the Judge of Probate of each county.

"2. File with the Judge of Probate a bond, with surety, approved by him, in an amount equal to the value of the used car, not over $1,000, conditioned to pay all loss to a purchaser of the car by reason of 'fraudulent misrepresentations or breaches of warranty as to freedom from liens, quality, condition, use or value' of the car so sold; and pay a fee of $1 to the Judge of Probate to be disposed of as other fees for registration and recording.

"3. At the same time the vendor shall pay to the Judge of Probate a further sum of $5, which shall be paid into the county school funds, less 50 cents retained by the Probate Judge.

"Statutes of like or similar import have been enacted in several states, and their constitutionality considered by the courts. The first case brought to our attention is State v. Coleman, 123 Fla. 23, 166 So. 226, decided in 1936, by the Supreme Court of Florida, sustaining the Florida statute.

"In 1937, the case of Park McLain, Inc., v. Hoey, D.C., 19 F.Supp. 990, 993, dealt with the North Carolina statute, the same as ours in the provisions here in question, save that the final fee was $10, instead of $5.

"The case was considered by a three-judge court, and opinion written by Circuit Judge Parker. Held: 'As both the bond and the fee required by the statute here under consideration constitute a clear discrimination against used automobiles of foreign origin, the provisions requiring them must be held invalid under the commerce clause of the Constitution.'

"In February of the present year, the Court of Appeals of California, First District, held the California act unconstitutional. Motor Trading Co. et al. v. Ingels, 110 P.2d 132.

"In March of this year the Supreme Court of Minnesota held the Minnesota statute unconstitutional. State v. Ernst, 297 N.W. 24.

"The Connecticut statute was challenged in Bender v. Conner, D.C., 28 F.Supp. 903. The case went off on a question of federal jurisdiction. The court, in arguendo, cited with apparent approval the Park McLain case, supra.

"We deem it unnecessary to enter into a prolonged discussion of these authorities and the decisions of the Supreme Court of the United States cited and quoted therein. They speak for themselves.

"Such legislation is sought to be justified as an exercise of the police power of the state in protecting the public against the sale of stolen cars, and cars subject to liens in other states. We may note that a mortgage on personalty given in another state is valid against the property, when brought into this state for three months, the period allowed for recording the instrument in this state. Tit. 47, § 123, Code of 1940.

"A like period applies to property brought into the state subject to conditional sale contracts. Tit. 47, § 131, Code of 1940.

"Assuming, without deciding, that, by reason of their mobility, and the prevailing customs in the automobile business, the stolen car, or the incumbered car brought into Alabama for sale may present such a public evil as to warrant appropriate regulations for the public welfare, and, that, in such event, a measure of legislative discretion obtains in devising suitable regulations, they may not arbitrarily and needlessly discriminate against the products of other states by imposing burdensome conditions which greatly obstruct the movement of legitimate articles of commerce into this state, if not virtually shutout sales of used cars from other states in competition with used cars originating in this state, or brought into this state for purposes other than resale. We are in full accord with the holding in the Park McLain case above quoted, which has been approved and followed by all the courts thereafter dealing with such statutes. As pointed out in these decisions, the fact that the car has come to rest, and ceased to move in interstate commerce, is not in point. This statute forbids such cars taking their place alongside other used cars for resale free from all such restrictions.

"The bond required goes far beyond any protection of title, but applies to sundry warranties specified in the statute, for which no such indemnity is required for sales of other used cars in Alabama.

"The final fee of $5 is clearly a tax for revenue, devoted to governmental uses in no way related to the expense of administering the statute. The act in fact calls for no outlays of public funds in its administration. Outlays by and services rendered by the Judge of Probate are cared for by a special fee. That such a tax, discriminating against the products of other states, is violative of the commerce clause, is well settled by the decisions of the Supreme Court of the United States, cited and quoted in the authorities above cited.

"We are impelled to hold the statute in question violative of the commerce clause of the Constitution of the United States.

"All Justices concur.

"KNIGHT, J., not sitting."
The judgment is affirmed.
Affirmed.