15 So.2d 303

**SANFORD v. CITY OF CLANTON.**

**5 Div. 178.**

Court of Appeals of Alabama.
June 30, 1943.

Rehearing Denied Aug. 10, 1943.

J. B. Atkinson, of Clanton, for appel-
lant.

Lawrence F. Gerald and Gerald & Ger-
ald, all of Clanton, for appellee.

256

SIMPSON, Judge.

The question is whether Section 74 of the privilege license ordinance of the City of Clanton, as applied to appellant, infringes the commerce clause of the Federal Constitution, article 1, § 8, cl. 3.

The challenged schedule is made applicable to all who engage in such business within the corporate limits of the municipality.

Purpose of the ordinance is the "raising (of) revenue for the use of said City of Clanton in paying its general expense and to maintain and exercise the police power of said City of Clanton, in the regulation of said Businesses, Professions, Vocations, or Callings."

The tax imposed for issuance of the license prescribed in said section was reasonably apportioned to the business done by appellant. It is admitted that had the transactions involved been exclusively intrastate the tax would have been lawfully authorized.

■ Quite manifestly the levy is non-discriminatory in character.

But appellant is a wholesale dealer of motor fuel, with place of business in Florida, and on several occasions, upon receipt of an order by mail, telegraph or telephone from a local ice dealer in Clanton, shipped and delivered in his own truck a load of fuel oil from his Florida warehouse to the Clanton dealer. No other deliveries were made from the truck thus consigned, after it began its interstate journey.

All deliveries are, concededly, subject to the tax except insofar as they, allegedly, infringe the commerce clause which declares that "the Congress shall have Power * * To regulate Commerce with foreign Nations, and among the several States * *." Constitution, Article 1, Section 8.

■ We approach a decision of the question in the light of the recognized fact that there is the superior right of the state to levy taxes for state purposes, and only when such imposts have the effect to regulate interstate commerce to an extent which infringes the authority conferred upon Congress by constitutional prescription is such a tax conceived to transcend constitutional limitations. Gibbons v. Ogden, 9 Wheat. 1, 187, 6 L.Ed. 23; South Carolina State Highway Dept. v. Barnwell Bros., 303 U.S. 177, 185, 625, 58 S.Ct. 510, 82 L.Ed. 734. Consonant with this general principle, those taxes which tend to obstruct or discriminate against the commerce have been denounced as infringement of constitutional authority.

■ But the design of the commerce clause was not to relieve those so engaged from their just share of state tax burdens, though the cost of doing business may thereby be increased. Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 254, 58 S.Ct. 546, 548, 82 L.Ed. 823, 115 A.L.R. 944.

■ "Even interstate business must pay its way" (Postal Telegraph-Cable Co. v. Richmond, 249 U.S. 252, 259, 39 S.Ct. 265, 266, 63 L.Ed. 590) is the shibboleth, and guides us here. And, as we understand it, the taxing power of a state is not to be regarded as having been exercised in an unconstitutional manner where the levy is non-discriminatory in character, does not materially impede the commerce, and is not subject to local levy in some other sovereignty. State of Alabama v. Coca Cola Bottling Works, 29 Ala.App. 508, 511, 198 So. 363; King & Boozer v. State, 241 Ala. 557, 3 So.2d 572, 579; Johnston v. State, 16 Ala.App. 425, 78 So. 419; Wagner v. City of Covington, 251 U.S. 95, 102, 104, 40 S.Ct. 93, 64 L.Ed. 157, 168; Ward Baking Co. v. Federal Trade Comm., 9 Cir., 264 F. 330; Howe Machine Co. v. Gage, 100 U.S. 676, 25 L.Ed. 754; Emert v. Missouri, 156 U.S. 296, 15 S.Ct. 367, 39 L.Ed. 430; Coverdale v. Arkansas-Louisiana Pipe Line Co., 303 U.S. 604, 58 S.Ct. 736, 82 L.Ed. 1043; Southern Pac. Co. v. Gallagher, 306 U.S. 167, 59 S.Ct. 389, 83 L.Ed. 586; Western Live Stock v. Bureau of Revenue, 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944.

■ It is also to be remembered that the consecration to Congress of regulatory power by the commerce clause was not—and is not—wholly proscriptive of state power to regulate matters of purely local concern with respect to which Congress has not exercised its power, although interstate commerce might be thus affected. State of California v. Thompson, 313 U.S. 109, 113, 61 S.Ct. 930, 85 L.Ed. 1219.

The point was emphasized in McGoldrick v. Berwind-White Coal Mining Co., 309 U.S. 33, 46, 60 S.Ct. 388, 84 L.Ed. 565, 128 A.L.R. 876, that not all state taxation is to be condemned because in some manner its tendency is to affect interstate commerce. It was there said: Not all state taxation is to be condemned because, in some manner, it has an effect upon commerce between the states, and there are many forms of tax whose burdens, when distributed through the play of economic forces, affect interstate commerce, which nevertheless fall short of the regulation of the commerce which the Constitution leaves to Congress (1) A tax may be levied on net income wholly derived from interstate commerce. (2) Non-discriminatory taxation of the instrumentalities of interstate commerce is not prohibited. (3) The like taxation of property, shipped interstate, before its movement begins, or (4) after it ends, is not a forbidden regulation. (5) An excise for the warehousing of merchandise preparatory to its interstate shipment or upon its use, or (6) withdrawal for use, by the consignee after the interstate journey has ended is not precluded. Following are cited, respectively, as sustaining authorities: (1) United States Glue Co. v. Oak Creek, 247 U.S. 321, 38 S.Ct. 499, 62 L.Ed. 1135, Ann.Cas.1918E, 748; Underwood Typewriter Co. v. Chamberlain, 254 U.S. 113, 41 S.Ct. 45, 65 L.Ed. 165; Atlantic Coast Line R. Co. v. Doughton, 262 U.S. 413, 43 S.Ct. 620, 67 L.Ed. 1051; Matson Navigation Co. v. State Board, 297 U.S. 441, 56 S.Ct. 553, 80 L.Ed. 791; (2) Adams Express Co. v. Ohio State Auditor, 165 U.S. 194, 17 S.Ct. 305, 41 L.Ed. 683; Wells Fargo & Co. v. Nevada, 248 U.S. 165, 39 S.Ct. 62, 63 L.Ed. 190; St. Louis & E. St. L. Electric R. Co. v. Missouri, 256 U.S. 314, 41 S.Ct. 488, 65 L.Ed. 946; Southern Ry. Co. v. Watts, 260 U.S. 519, 43 S.Ct. 192, 67 L.Ed. 375; (3) Coe v. Errol, 116 U.S. 517, 6 S.Ct. 475, 29 L.Ed. 715; Bacon v. Illinois, 227 U.S. 504, 33 S.Ct. 299, 57 L.Ed. 615; Heisler v. Thomas Colliery Co., 260 U.S. 245, 43 S.Ct. 83, 67 L.Ed. 237; State of Minnesota v. Blasius, 290 U.S. 1, 54 S.Ct. 34, 78 L.Ed. 131; (4) Brown v. Houston, 114 U.S. 622, 5 S.Ct. 1091, 29 L.Ed. 257; Pittsburgh & Southern Coal Co. v. Bates, 156 U.S. 577, 15 S.Ct. 415, 39 L.Ed. 538; American Steel & Wire Co. v. Speed, 192 U.S. 500, 24 S.Ct. 365, 48 L.Ed. 538; General Oil Co. v. Crain, 209 U.S. 211, 28 S.Ct. 475, 52 L.Ed. 754; (5) Federal Compress & Warehouse Co. v. McLean, 291 U.S. 17, 54 S.Ct. 267, 78 L.Ed. 622; Chassaniol v. Greenwood, 291 U.S. 584, 54 S.Ct. 541, 78 L.Ed. 1004; Eastern Air Transport v. South Carolina Tax Commission, 285 U.S. 147, 52 S.Ct. 340, 76 L.Ed. 673; Gregg Dyeing Co. v. Query, 286 U.S. 472, 52 S.Ct. 631, 76 L.Ed. 1232, 84 A.L.R. 831; Nashville, C. & St. L. R. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L. Ed. 730, 87 A.L.R. 1191; Edelman v. Boeing Air Transport, 289 U.S. 249, 53 S. Ct. 591, 77 L.Ed. 1155.

In all these cases the local tax, concededly, in some measure, affected the commerce or added to its cost, yet was sustained.

■ The tax here under consideration is laid upon all alike. A wholesale dealer of such products in Florence or Mobile, Alabama is as equally subject to the tax for the transaction of like business, so it is no argument in condemnation of the tax that every city in the State could institute a similar levy. Such contention is inapposite. The test is: Does the tax have a tendency to prohibit the commerce or place it at a disadvantage as compared to or in competition with intrastate commerce? McGoldrick v. Berwind-White Coal Mining Co., supra. Clearly it does not.

We discern no distinction in the principle or rationale between the case at bar and McGoldrick v. Berwind-White Coal Mining Co., supra, where was upheld the New York City sales tax, making the foreign vendor the guarantor of the tax laid upon all purchases within the state of goods for consumption, regardless of whether transported in interstate commerce. Pertinent here is the observation there, with reference to that tax [309 U.S. 33, 60 S.Ct. 394, 84 L.Ed. 565, 128 A.L.R. 876]: "Its only relation to the commerce arises from the fact that immediately preceding transfer of possession to the purchaser within the state, which is the taxable event regardless of the time and place of passing title, the merchandise has been transported in interstate commerce and brought to its journey's

end. Such a tax has no different effect upon interstate commerce than a tax on the 'use' of property which has just been moved in interstate commerce sustained in Mona-motor Oil Co. v. Johnson, ·292 U.S. 86, 54 S.Ct. 575, 78 L.Ed. 1141; Henneford v. Silas Mason Co., supra [300 U.S. 577, 57 S.Ct. 524, 81 L.Ed. 814]; Felt & Tarrant Mfg. Co. v. Gallagher, 306 U.S. 62, 59 S.Ct. 376, 83 L.Ed. 488; Southern Pacific Co. v. Gallagher, 306 U.S. 167, 59 S.Ct. 389, 83 L.Ed. 586, or the tax on storage or withdrawal for use by the consignee of gasoline, similarly sustained in Gregg Dyeing Co. v. Query, 286 U.S. 472, 52 S.Ct. 631, 76 L.Ed. 1232, 84 A.L.R. 831; Nashville, C. & St. L. R. Co. v. Wallace, 288 U.S. 249, 53 S.Ct. 345, 77 L.Ed. 730, 87 A.L.R. 1191; Edelman v. Boeing Air Transport, 289 U.S. 249, 53 S.Ct. 591, 77 L.Ed. 1155, or the familiar property tax on goods by the state of destination at the conclusion of their interstate journey. Brown v. Houston, supra; American Steel & Wire Co. v. Speed, 192 U.S. 500, 24 S.Ct. 365, 48 L.Ed. 538."

■ Says the learned Justice in that case: "Equality is its theme * * *. It does not aim at or discriminate against interstate commerce." And so say we here, as to the instant tax. We fail to perceive that the present license tax discriminates against or impedes interstate commerce more than numerous other state and local taxes heretofore sustained as not impinging upon the commerce clause.

In McGoldrick v. Felt & Tarrant Mfg. Co., 309 U.S. 70, 60 S.Ct. 404, 84 L.Ed. 584, the New York City sales tax was also sustained as to sales of merchandise for which orders, taken within the city and subject to approval of out of state vendors, were delivered by direct interstate shipment to purchasers thereof in the city.

And in our own State we have held that a license or privilege tax on soft drink wholesalers does not, as applied to a Mississippi manufacturer selling at wholesale to retail dealers in Alabama, from trucks proceeding from a Mississippi warehouse, impose on "interstate commerce" such multiple or discriminatory burdens as to render the tax unconstitutional. State v. Coca Cola Bottling Works, 29 Ala.App. 508, 198 So. 363.

Likewise, our Supreme Court has ruled that an ordinance levying a privilege license tax against persons making deliveries of motor fuels to stations for retail within a city was not discriminatory and not subject to condemnation under the commerce clause as applied to an out of state dealer. City of Enterprise v. Fleming, 240 Ala. 460, 199 So. 691, 692. It was there said: "The privilege taxed is the privilege of delivering within the corporate limits, and no question of interstate commerce is involved."

If that holding is sound—and it seems to be—certainly the privilege here taxed is the same privilege of delivering, etc., within the corporate limits of Clanton, and is, likewise, not within the proscriptions of the commerce clause.

Or, adopting the rationale with which the distinguished Justice (now Chief Justice) concluded the Berwind-White opinion, supra: Here the tax is conditioned upon a local activity, delivery of goods within the state upon their purchase for consumption. It is an activity which, apart from its effect on the commerce, is subject to the state taxing power. The effect of the tax neither discriminates against nor obstructs interstate commerce more than numerous other state taxes which have repeatedly been sustained as involving no prohibited regulation of interstate commerce.

It is stressed in argument that the tax should be condemned upon authority of the opinion of our Supreme Court in City of Roanoke v. Stewart Grocery Co., 235 Ala. 23, 176 So. 820, where a wholesale grocery corporation located in a foreign state, which solicited orders in the state through salesmen from retailers, and which made regular grocery deliveries by truck, was declared to be engaged exclusively in "interstate commerce", the holding being that a city ordinance attempting to impose a license or tax on such wholesaler for so taking or receiving orders (for the purpose of raising revenue) was in violation of the commerce clause.

This decision was rested upon the rule of Robbins v. Taxing District of Shelby County, 120 U.S. 489, 7 S.Ct. 592, 30 L.Ed. 694, and others. But, as was pointed out in McGoldrick v. Berwind-White Coal Mining Co., supra, the principle has been narrowly limited to fixed-sum license taxes imposed on the business of soliciting orders for purchase of goods to be shipped interstate, 309 U.S. at page 57, 60 S.Ct. at page 398, 84 L.Ed. 565, 128 A.L.R. 876. See also Ficklen v. Taxing Dist. of Shelby County, 145 U.S. 1, 12 S.Ct. 810, 36 L.Ed. 601; Howe Mach. Co. v. Gage, 100 U.S. 676, 25 L.Ed.

754; Wagner v. Covington, 251 U.S. 95, 104, 40 S.Ct. 93, 64 L.Ed. 157, 168.

If the Roanoke decision was intended to have wider application, it of course cannot be regarded as controlling authority in view of recent Federal Supreme Court decisions on the question. We think, however, such was not intended. See McCarter v. City of Florence, 213 Ala. 367, 104 So. 806, and other cases therein cited which limit the application of the principle, as aforesaid.

The interpolation is perhaps unnecessary that the regulatory power of the State and its various municipalities is not subject to distinguishment under the authorities. The applicable principles control each and both alike.

We have tendered that careful study which the importance of the question merits and conclude that the lower court ruled correctly in sustaining the validity of the tax. Of consequence, the judgment appealed from is affirmed.

Affirmed.