Argued January 15; affirmed March 12; rehearing denied
April 9, 1946

# STATE ex rel. BOUTHILLIER v. FARRELL

(166 P. (2d) 812, 167 P. (2d) 698)

*Grace L. Bottler,* Assistant Attorney General (with George Neuner, Attorney General, on the brief), for appellant.

*MacCormac Snow,* of Portland, for relator-respondent.

HAY, J.

This is a proceeding in mandamus, instituted by the relator against the defendant Secretary of State, to test the constitutionality of certain provisions of chapter 469, Oregon Laws 1937, (sections 115-701 to 115-706, inclusive, O. C. L. A.)

■ Under this act, any person who brings a used motor vehicle into the state of Oregon for the purposes of sale or resale is required, before a license or registration card is issued for the vehicle and before it is offered for sale or sold, to file with the secretary of state a bond in a sum not less than the sale price of the vehicle but not exceeding $1,000, conditioned that such person shall pay to the vendee of the vehicle all loss, damage and expense that the latter may sustain by reason of failure of the title of the vendor, or by reason of any fraudulent representations or breach of warranty as to freedom from liens, quality, condition, use or value of the vehicle. The act requires further the payment of a fee of $1.00 for registration of the imported vehicle, and an additional fee of $5.00 on the filing and approval

of the bond. Such fees are to be deposited by the secretary of state in the state treasury "as are and together with other funds under the provisions of section 55-1111, Oregon Code 1935 Supplement, (section 115-135, O. C. L. A.) to be disbursed as therein provided".

The relator is a dealer in used automobiles. He purchased one such in the state of Washington and brought it into Oregon for the purpose of resale. He made application to the secretary of state for a registration certificate under section 115-102, O. C. L. A., and for a certificate of title under 115-114, O. C. L. A., tendering the necessary fees and furnishing the secretary of state with evidence that he was the legal and registered owner of the vehicle. The secretary of state, however, declined to register the vehicle or to issue a certificate of title thereon unless the relator should file the bond and pay the additional fees required, as above mentioned, by chapter 469, Oregon Laws 1937. This the relator refused to do. On his petition, the lower court issued an amended alternative writ of mandamus, requiring the secretary of state to register the vehicle and to issue a certificate of title to the relator therefor without requiring the filing of a bond and the payment of additional fees, or to show cause why he had not done so. The defendant demurred to the amended alternative writ on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and, the defendant refusing to plead further, a peremptory writ issued. The secretary of state has appealed to this court.

The appellant contends that the statute under consideration was enacted for the protection of purchasers of used or secondhand motor vehicles, brought into this state from other states, against loss arising through

the fact that the vehicles were stolen, or were subject to liens in the state of their origin. Such statutes are designed to protect the public against fraud, a purpose which is within the police power. *State v. Thompson*, 47 Or. 492, 84 P. 476, 4 L. R. A. (N. S.) 480, 8 Ann. Cas. 646 16 C. J. S., Constitutional Law, section 187 *Semler v. Oregon Dental Examiners*, 148 Or. 50, 34 P. (2d) 311.

The relator maintains that the statutory requirements to which he objects violate the due process and equal protection provisions of the Fourteenth Amendment and Article I, section 8, clause 3 (commerce clause), United States Constitution.

Appellant says that the act, in singling out importers of used automobiles as a class to be regulated and imposing upon them burdens which are not laid equally upon other vendors of used automobiles, does not thereby effect an unreasonable classification. *State ex rel. Evans v. Kozer*, 116 Or. 581, 242 P. 621. He insists that such classification may lawfully be determined by the legislature, and that, provided it is reasonable and is applicable to all similarly situated, the courts may not interfere with the legislative determination. *Kellaher v. City of Portland*, 57 Or. 575, 110 P. 492, 112 P. 1076; 16 C. J. S., Constitutional Law, section 507.

North Carolina has a statute which is substantially similar to ours, except that the additional fee exacted is $10 rather than $6. In *Park McLain, Inc. v. Hoey* (E. D. N. C.), 19 F. Supp. 990, this statute was held to be in conflict with the commerce clause of the United States Constitution. The court said that the state may not discriminate against property which has been brought in from other states, and that to do so is to place an unreasonable burden upon interstate com-

merce. It was conceded that the state, in the exercise of its police power, may with propriety raise safeguards against the use of fraudulent practices in the sale of used automobiles, provided such safeguards do not discriminate against used cars which have been brought into the state in interstate commerce. The bond and additional fee required by the statute were held to constitute a clear discrimination against used automobiles of foreign origin. The court was of the opinion that, if the sale of such automobiles furnishes peculiar opportunities for fraud, rendering regulation desirable, nevertheless the power to regulate interstate commerce has been delegated to Congress and may not be exercised by the states. Appellent seeks to distinguish this case from the case at bar, upon the ground that the additional fee was required to be paid into the general fund and that, by contrast, the fees to be collected under the Oregon act are to be disbursed, in the main, for administrative expenses. The fund into which such fees are carried includes moneys collected in the general administration of the state motor vehicle act, and it is used to defray the expenses of administration of that act. A revolving fund of $10,000 is maintained, and any surplus is transferred monthly to the state highway fund. It is not clear, therefore, that the additional fees are devoted mainly to the expense of administering the act.

California also has a statute resembling ours. A similar bond is required, and an additional fee of $5. The constitutionality of the statute was tested in *Motor Trading Co. v. Ingels* (1941), 43 Cal. App. (2d) 20, 110 P. (2d) 132. The court thought that it was not necessary to go beyond the commerce clause of the federal constitution to decide the case. It held that, in its prac-

tical operation, the statute discriminated "against dealers in interstate commerce by arbitrary classification and the imposition of onerous conditions based solely upon the origin of vehicles in another state", and was, therefore, in contravention of the commerce clause. *Park McLain, Inc. v. Hoey,* supra (19 F. Supp. 990) was cited with approval. Appellant points out that the court found that the additional fee was arbitrary and excessive, and bore no reasonable relation to the expressed purpose of reimbursing the state for expenditures necessary in the administration of the act. This is true, but the court found also that the requirement of a bond constituted unreasonable discrimination.

In *State v. Ernst* (1941), 209 Minn. 586, 297 N. W. 24, 134 A. L. R. 643, the statute construed was substantially similar to the Oregon statute. It required the filing of a surety company bond in addition to payment of a $5 fee. It was held that, while the state might lawfully require evidence of title before admitting an imported car to registration, and might cause an investigation to be made of the evidence of title submitted, yet the requirement of a surety company bond in the premises was expensive and burdensome. Further, that it was discriminatory and unlawful, and a violation of the due process and equal protection clauses of the Fourteenth Amendment and the rights and privileges clause of the Constitution, to require a bond to portect a purchaser against misrepresentation as to the condition of the car. The appellant calls attention to the fact that in this case also the fee was to be paid into the general fund, and argues that the real purpose of the law was the unlawful raising of revenue under the cloak of what purported to be a regulatory statute. It is true that the court said that

the fee required was not shown to have any reasonable relation to the cost of registering the title, and could not, therefore, be justified, nevertheless we think that the opinion places the greater emphasis upon the bond requirement.

A statute of Alabama resembling ours was construed in *State v. Kimbrough* (1941), 30 Ala. App. 235, 3 So. (2d) 421. It required the importer to file a bond equal to the value of the imported used car, but not over $1,000, ''conditioned to pay all loss to a purchaser of the car by reason of fraudulent misrepresentations or breaches of warranty as to freedom from liens, quality, condition, use or value'' thereof. The court held that the bond required went far beyond any protection of title, and applied to sundry warranties for which no indemnity was executed in respect of sales of other used cars in Alabama. *Park McLain, Inc. v. Hoey,* supra (19 F. Supp. 990) was approved. A $5 additional fee, payable into the county school funds, was held to be a tax for revenue. The act was condemned as being violative of the commerce clause.

Appellant maintains that the Oregon act does not contravene the commerce clause, in that it affects interstate commerce only incidentally and indirectly. In support of his contention in this regard, appellant cites 15 C. J. S., Commerce, section 11, and 11 Am. Jur., Commerce, section 94, which, in general terms, set forth the rule of law contended for, as well as its limitations. As illustrative of the rule, appellant cites *State ex rel. Leathers v. Coleman* (1936), 123 Fla. 23, 166 So. 226, which he claims to be a case ''on all fours'' with the case at bar. It was held in that case that the Florida statute, which is in terms nearly identical with ours, applied to used motor vehicles only after they had

"come to rest and become intermingled with the general property in the destination state"; that, since the vehicles had lost their interstate character, the statute imposed "nothing more than service charges for approving the bond and for registration"; that its effect upon interstate commerce was highly problematic and most indirect; and that its practical operation and effect was to "place the vendor of used motor vehicles in substantially the same status as the vendor of other motor vehicles". No violation of the commerce clause was thought to be involved. A distinction between the Florida statute and ours is pointed out by the relator, in that, under the former, the required bond was conditioned only to pay all losses or expenses that might be sustained by the purchaser by reason of failure or defect of title, whereas under the latter the liability under the bond includes also breaches of warranty as to freedom from liens, quality, condition, use or value. The theory of the Leathers case, that the imported vehicles had lost their interstate character, is, in our opinion, satisfactorily repelled in *Park McLain, Inc. v. Hoey,* supra (19 F. Supp. 990) and *State v. Kimbrough,* supra (30 Ala. App. 235, 3 So. (2d) 421). We quote from the decision in the latter case:

"Assuming, without deciding, that, by reason of their mobility, and the prevailing customs in the automobile business, the stolen car, or the incumbered car brought into Alabama for sale may present such a public evil as to warrant appropriate regulations for the public welfare, and, that, in such event, a measure of legislative discretion obtains in devising suitable regulations, they may not arbitrarily and needlessly discriminate against the products of other states by imposing burdensome conditions which greatly obstruct the movement of legitimate articles of commerce into this state, if

not virtually shut out sales of used cars from other states in competition with used cars originating in this state, or brought into this state for purposes other than resale. We are in full accord with the holding in the Park McLain case above quoted, which has been approved and followed by all the courts thereafter dealing with such statutes. As pointed out in these decisions, the fact that the car has come to rest, and ceased to move in interstate commerce, is not in point. This statute forbids such cars taking their place alongside other used cars for resale free from all such restrictions."

The prevention of possible fraud, which is the intended purpose of the law, is not, in itself, sufficient to justify an interference "with the free flow of legitimate interstate commerce". *Real Silk Hosiery Mills, Inc. v. Portland,* 268 U. S. 325, 69 L. Ed. 982, 45 S. Ct. 525.

In our opinion, the provisions of the statute with respect to the furnishing of a bond by importers of used motor vehicles for sale are so onerous as to place such persons in an arbitrary and unreasonable classification, as compared with vendors of used motor vehicles which have their origin in this state, who are not subjected to similar requirements. In that respect, we hold the statute invalid, as effecting a violation of the commerce clause of the Constitution of the United States. Cf. *State v. Jacobson,* 80 Or. 648, 157 P. 1108, L. R. A. 1916E, 1180. As to the asserted conflict between the status and the due process and equal protection guaranties of the Fourteenth Amendment to the Constitution, we deem it unnecessary to express an opinion. Moreover, in the absence of a sufficient statement of facts respecting the reasonableness of the required additional fees and the purposes to which they are

devoted by the state, we decline to pass upon the feature of the case.

We find nothing in *Martin v. O. R. & N. Co.*, 58 Or. 198, 113 P. 16, or *State v. Thompson*, supra (47 Or. 492, 84 P. 476), in conflict with our views as expressed herein.

The judgment appealed from is affirmed, without costs to either party.

---

Petition for rehearing denied April 9, 1946

## ON PETITION FOR REHEARING
### (167 P. (2d) 698)

HAY, J.

Respondent has petitioned for a rehearing of this case, on the ground that our opinion left undetermined the question of the validity of the additional fees required of importers of used motor vehicles under the statue (chapter 469, Oregon Laws 1937).

■ Because of lack of a sufficient statement of facts, we declined to pass upon the reasonableness of the required additional fees. In effect, however, we did pass upon their validity. The peremptory writ of mandamus, from which the appeal was prosecuted, commanded the defendant to register relator's imported used motor vehicle and to issue a certificate of title therefor to him, without requiring him to file a bond or to pay additional fees. Our decision affirmed the lower court in toto.

■ We omitted to state, however, which we now do, that, in our opinion, the provisions of the act which impose additional fees on importers are inseparable from those requiring them to file bonds. Such provisions, therefore, must fall together. A discussion of the reasonableness of the fees is unnecessary.

The petition for rehearing is denied.