DEPARTMENT OF TREASURY OF INDIANA ᴇᴛ ᴀʟ. *v.* INGRAM-RICHARDSON MANUFACTURING CO. OF INDIANA, INC.

No. 655.  Argued April 1, 1941.—Decided May 5, 1941.

*Mr. Joseph P. McNamara,* Deputy Attorney General of Indiana, with whom *Messrs. George N. Beamer,* Attorney General, and *Joseph W. Hutchinson,* Deputy Attorney General, were on the brief, for petitioners.

*Mr. Earl B. Barnes,* with whom *Messrs. Alan W. Boyd* and *Charles M. Wells* were on the brief, for respondent.

MR. CHIEF JUSTICE HUGHES delivered the opinion of the Court.

The Circuit Court of Appeals, affirming the District Court, has held that respondent, Ingram-Richardson Manufacturing Company, is entitled to a refund of a tax levied under the Indiana Gross Income Tax Law,[1] upon the ground of the invalidity of the tax under the commerce clause of the Federal Constitution. 114 F. 2d 889. We granted certiorari because of an alleged conflict with applicable decisions of this Court.

The tax was for $5410.20 [2] and was laid upon respondent's gross receipts derived as follows:

Respondent, an Indiana corporation, has a factory at Frankfort in that State where it manufactures enamel, both in a granular form, known as frit, and in a hard, finished form fused with metal articles. In the instant case the enamel was fused with metal parts used in stoves and refrigerators manufactured by respondent's customers in various States other than Indiana. Respondent's traveling salesmen solicited orders from such customers pursuant to which respondent transported by its trucks the stove and refrigerator parts belonging to its customers from their plants to its own plant for enameling. There

---

[1] Section 2 of Chapter 50 of the Acts of Indiana of 1933. 11 Burns Indiana Statutes, § 64-2602. See *Department of Treasury* v. *Wood Preserving Corp.,* ante, p. 62.

[2] The suit also embraced a claim for an additional sum of $1154.26 recovery of which was denied below. That claim is not before us.

the enameling was done by the process set forth in the findings, and respondent then hauled the enameled parts back to its customers' factories. Respondent thereafter billed its customers for the enameling and remittances were made to respondent by mail. The value of the metal parts as units after the completion of the enameling process was from two and one-half to three times the value of the respective parts before the enameling.

Respondent's contention, as set forth in its complaint and as still asserted, is that these transactions constituted sales of the hard, finished enamel in interstate commerce. The Circuit Court of Appeals disagreed with that contention and held that the income in question was derived from services. We are in accord with that view.

In the alternative, respondent contends that the services paid for included the solicitation of orders by respondent's agents and the execution of contracts in other States, interstate communications by mail, telephone and telegraph, and also the transportation by respondent of the stove and refrigerator parts from and to places in other States.

The enameling process was an activity performed at respondent's plant in Indiana and the gross receipts therefrom were taxable by Indiana under its Gross Income Tax Law. See *Department of Treasury* v. *Wood Preserving Corp., ante,* p. 62. The fact that the orders for the enameling were obtained by respondent's agents and contracts were executed outside Indiana did not make the enameling process other than an intrastate activity and any the less a proper subject for the application of the taxing statute. *Western Live Stock* v. *Bureau of Revenue,* 303 U.S. 250, 253.

But the court below has held that there was included in the service rendered by respondent the transportation by its trucks of the stove and refrigerator parts from and to the customers' plants in other States. The court thought

that the reasoning of our opinion in *Gwin, White & Prince* v. *Henneford,* 305 U. S. 434, applied. That case, however, presented a different situation. The business there was that of a marketing agent for a federation of fruit growers and the state tax was measured by the gross receipts of the taxpayer from the business of marketing fruit shipped from the taxing State to the places of sale in other States and foreign countries. We found that the entire service for which the compensation was paid was "in aid of the shipment and sale of merchandise in that commerce" (interstate and foreign) and hence the service was held to be within the protection of the commerce clause. *Id.,* p. 437. Here, on the contrary, the entire service was in aid of the enameling business conducted within the State. The transportation of the metal parts to and from Indiana were but incident to that intrastate business, as was the circulation of appellants' magazine in States other than the taxing State in the *Western Live Stock* case, *supra,* p. 254.

Moreover, if the transportation of the metal parts were regarded as an item of service for which a deduction should have been allowed, we think that it was the duty of respondent, in view of the fact that it was conducting an intrastate business clearly subject to the tax, to claim the deduction and show the amount which should be allowed. It does not appear that respondent did either. Respondent made its claim for a total exemption from the tax upon the ground that it was laid upon interstate sales, a contention which it has failed to support.

The State contends, citing provisions of the taxing act, that the legislature of Indiana contemplated that the taxpayer would reflect in the tax return any deductions claimed, making a separation between taxable and non-taxable items, and that the tax return itself provided a method for claiming any deductions to which

the taxpayer thought itself entitled. Respondent insists that the Act did not provide a method of apportionment. In the absence of an effort on the part of respondent to present a claim for deduction and to have the state authorities pass upon the question of deduction or apportionment, as distinguished from its claim for a total exemption, we are not called upon to attempt to resolve the question of state law.

The judgment of the Circuit Court of Appeals is reversed and the cause is remanded to the District Court for further proceedings in conformity with this opinion.

*Reversed.*