# EVCO, DBA EVCO INSTRUCTIONAL DESIGNS *v.* JONES, COMMISSIONER OF BUREAU OF REVENUE OF NEW MEXICO, ET AL.

No. 71–857.   Argued November 8, 1972—Decided December 4, 1972

*Kendall O. Schlenker* argued the cause for petitioner. With him on the briefs was *James M. Parker.*

*John C. Cook,* Assistant Attorney General of New Mexico, argued the cause for respondents. With him on the brief was *David L. Norvell,* Attorney General.

PER CURIAM.

The petitioner, Evco, is a New Mexico corporation that employs writers, artists, and draftsmen to create and design instructional programs. It develops an educational idea into a finished product that generally consists of reproducible originals of books, films, and magnetic audio tapes. Typical of its contracts is Evco's agreement with the Department of Agriculture to develop camera-ready copies of programmed textbooks, notebooks, and manuals to be used in an orientation course for forest engineers. Evco's contracts are negotiated and entered into outside New Mexico; it creates the reproducible originals in New Mexico, and then delivers them to its out-of-state clients. The customers in turn use the orig-

inals to publish however many books and manuals are needed to implement the instructional program.

The Commissioner of Revenue for New Mexico levied the State's Emergency School Tax and its Gross Receipts Tax on the total proceeds Evco received from these contracts.[1] The company appealed this assessment to the Court of Appeals of New Mexico, arguing that these taxes on out-of-state sales imposed an unconstitutional burden on interstate commerce in violation of Art. I, § 8, of the Constitution. That court found that though the taxes were imposed on the proceeds of out-of-state sales of tangible personal property, rather than on the receipts from sales of services, such taxes were not an unconstitutional burden on commerce. 81 N. M. 724, 472 P. 2d 987.[2] The Supreme Court of New Mexico declined to review the judgment.

In his brief in opposition to the petition for certiorari, which sought our review of that judgment, the Attorney General of New Mexico conceded that the State could not tax the receipts from sales of tangible personal property outside the State. We granted certiorari, vacated the judgment, and remanded the case to the Court of Appeals for reconsideration in light of the position taken by the Attorney General. 402 U. S. 969.

---

[1] Taxes were assessed for the period January 1, 1966, through December 31, 1968. From January 1, 1966, through June 30, 1967, the petitioner's receipts were subject to the Emergency School Tax Act. N. M. Stat. Ann. §§ 72–16–2 to 72–16–19, 1953 Compilation, repealed by N. M. Laws 1966, c. 47, § 22. From July 1, 1967, through December 31, 1968, the remainder of the taxable period, Evco's receipts were taxed under the Gross Receipts and Compensating Tax Act. N. M. Stat. Ann. §§ 72–16A–1 to 72–16A–19, 1953 Compilation (Supp. 1971).

[2] The court did find, however, that the receipts from sales of tangible personal property to government agencies and certain specified organizations were statutorily exempted from taxation. Those specific exemptions are not at issue here.

On remand, the Court of Appeals adhered to its prior findings that these taxes were imposed on out-of-state sales of tangible personal property, not services, but it concluded that the constitutionality of the taxes should not depend on that distinction. It reinstated and reaffirmed its prior opinion finding the taxes constitutional. 83 N. M. 110, 488 P. 2d 1214. The Supreme Court of New Mexico again declined to review the case, and we granted certiorari. 405 U. S. 953.

Our prior cases indicate that a State may tax the proceeds from services performed in the taxing State, even though they are sold to purchasers in another State. Hence, in *Department of Treasury* v. *Ingram-Richardson Mfg. Co.,* 313 U. S. 252, the Court upheld a state gross income tax imposed on a taxpayer engaged in the process of enameling metal parts for its customers. We accepted the finding of the court below that this was a tax on income derived from services, not from the sales of finished products, and we found irrelevant the fact that the sales were made to out-of-state customers. The tax was validly imposed on the service performed in the taxing State. See also *Western Live Stock* v. *Bureau of Revenue,* 303 U. S. 250.

But a tax levied on the gross receipts from the sales of tangible personal property in another State is an impermissible burden on commerce. In *J. D. Adams Mfg. Co.* v. *Storen,* 304 U. S. 307, we rejected as unconstitutional a State's attempt to impose a gross receipts tax on a taxpayer's sales of road machinery to out-of-state customers.

> "The vice of the statute as applied to receipts from interstate sales is that the tax includes in its measure, without apportionment, receipts derived from activities in interstate commerce; and that the exaction is of such a character that if lawful it may in substance be laid to the fullest extent by States

in which the goods are sold as well as those in which they are manufactured. Interstate commerce would thus be subjected to the risk of a double tax burden to which intrastate commerce is not exposed, and which the commerce clause forbids." *Id.,* at 311.

See also *Gwin, White & Prince, Inc.* v. *Henneford,* 305 U. S. 434.

As on the previous petition for certiorari, both parties accept these propositions, and both agree that if the findings of the Court of Appeals of New Mexico are accepted, its judgment must be reversed.

The only real dispute between the parties centers on the factual question of the nature and effect of the taxes. The State contends that these taxes were actually imposed on the receipts from services performed in the State, not on the income from the sale of property outside the State. It argues that the out-of-state purchasers actually paid for the educational programs developed in New Mexico, not for the camera-ready copies that were only incidental to the services purchased. But the Court of Appeals rejected this interpretation of the facts. It found in effect that the reproducible originals were the *sine qua non* of the contract and that it was the sale of that tangible personal property in another State that New Mexico had taxed. "There are no exceptional circumstances of any kind that would justify us in rejecting the . . . Court's findings; they are not without factual foundation, and we accept them." *Lloyd A. Fry Roofing Co.* v. *Wood,* 344 U. S. 157, 160. See also *Grayson* v. *Harris,* 267 U. S. 352, 357–358; *Portland Railway, Light & Power Co.* v. *Railroad Comm'n,* 229 U. S. 397, 411–412.

Accordingly, since the Court of Appeals approved the imposition of a tax on the proceeds of the out-of-state sales of tangible personal property, its judgment is

*Reversed.*