**CORNING LABORATORIES, INC., Appellee,**

v.

**IOWA STATE DEPARTMENT OF REVENUE, Appellant.**

No. 61013.

Supreme Court of Iowa.

Oct. 18, 1978.

Richard C. Turner, Atty. Gen., George W. Murray, Sp. Asst. Atty. Gen., and Beth S. Kerwin, Asst. Atty. Gen., for appellant.

Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for appellee.

LeGRAND, Justice.

This litigation was brought to decide if Corning Laboratories, Inc. (hereafter called Corning) is liable for sales tax on certain services performed for out-of-state customers. The trial court found in favor of Corning, and the Iowa Department of Revenue (hereafter the Department) appeals. We reverse and remand.

Corning is an Iowa corporation which owns and operates a testing laboratory in Cedar Falls. It manufactures sulfation

plates which are chemically coated and thereafter exposed to the air to determine the atmospheric concentration of sulphur dioxide. It also conducts an analysis service by which it tests the exposed sulfation plates. The test results are mailed to the customer. The sufation plates, once used, are discarded. They are neither used again nor are they returned to the customer.

Corning does not collect Iowa sales tax on the testing services performed for out-of-state customers. The Department claims it should and, after an audit, assessed Corning an additional sales tax of $1,309.89 representing the amount due on those services.

There is no doubt these services are taxable under § 422.42 and § 422.43, The Code, unless they come within the exemption of § 422.45(1), The Code, which provides:

"There are hereby specifically exempted from the provisions of this sales tax division and from the computation of the amount of tax imposed by it, the following:

1. The gross receipts from sales of tangible personal property services rendered, furnished, or performed which this state is prohibited from taxing under the constitution or laws of the United States or under the constitution of this state."

The sole issue is whether this tax violates Article I, § 8 of the federal constitution, commonly referred to as the Commerce Clause, which authorizes Congress alone to regulate commerce between the states. Corning says the imposition of a sales tax on its out-of-state services subjects the transaction to multiple taxation because other states—those where the test results are received and used—may assess a use tax on the same receipts from which the Department has already exacted a sales tax. The Department concedes this tax cannot stand if it runs afoul of the multiple tax rule. However, we are told it does not do so.

We must decide whether Corning has shown, as it has the burden to do, an unconstitutional interference with interstate commerce. *Standard Pressed Steel Co. v.*

*Washington,* 419 U.S. 560, 95 S.Ct. 706, 42 L.Ed.2d 719, 723 (1975); *General Motors Corp. v. Washington,* 377 U.S. 436, 84 S.Ct. 1564, 12 L.Ed.2d 430, 435 (1964).

Cases in this area are both troublesome and numerous. We noted this in *Lee Enterprises, Inc. v. Iowa State Tax Comm'n,* 162 N.W.2d 730, 744 (Iowa 1968):

"This conflict [over the Commerce Clause] has constantly been raised before the United States Supreme Court in the past 150 years. Decisions sometimes appear in hopeless conflict, and the opinions defining the extent of this clause find many vigorous dissents. The delicate balance between federal and state authority in this field was recognized by Mr. Justice Holmes in *Superior Oil Co. v. State of Mississippi ex rel. Knox,* 280 U.S. 390, 395, 50 S.Ct. 169, 170, 74 L.Ed. 504, 505, 507 (1930), where he said: 'The importance of the commerce clause to the Union of course is very great. But it also is important to prevent that clause being used to deprive the States of their life-blood by a strained interpretation of facts. * * *.'"

*See also Alaska v. Sears Roebuck & Co.* (D.C.Alaska 1947), 79 F.Supp. 668, 671.

One of the difficulties referred to in *Lee Enterprises* arises because not every state tax affecting interstate commerce is unconstitutional. The purpose of the Commerce Clause is not to relieve interstate commerce from paying "its just share" but rather to assure that no unfair or discriminatory practice, including those which lead to multiple taxation, imposes burdens on the free flow of commerce between the states. *General Motors Corp. v. Washington,* 377 U.S. at 439, 84 S.Ct. at 1567, 12 L.Ed.2d at 434; *Portland Cement Co. v. Minnesota,* 348 U.S. 450, 461, 79 S.Ct. 357, 363, 3 L.Ed.2d 421, 429 (1959); *Western Live Stock v. Bureau of Revenue,* 303 U.S. 250, 254, 58 S.Ct. 546, 548, 82 L.Ed. 823, 827 (1938); *Dodgen Industries, Inc. v. Iowa State Tax Commission,* 160 N.W.2d 289, 291 (Iowa 1968); *Frontier Taxidermist, Inc. v. Wyoming Department of Revenue,* 497 P.2d 1374, 1377 (Wyo.1972); *McKinnis Travel Service, Inc.*

*v. State of Washington,* 78 Wash.2d 229, 472 P.2d 392, 394 (1970).

No case has been cited nor have we discovered any, which is directly in point. However, those having some similarity to the facts now before us have upheld the validity of a sales tax assessed in the state of origin. *See Fisher-Stevens, Inc. v. Director, Division of Taxation,* 121 N.J.Super. 513, 298 A.2d 77, 82 (1972); *Shell Oil Co. v. State Board of Equalization,* 64 Cal.2d 713, 51 Cal.Rptr. 524, 532, 414 P.2d 820, 828 (1966), appeal dismissed 386 U.S. 211, 87 S.Ct. 973, 17 L.Ed.2d 870.

Significantly, too, the Supreme Court has been less willing to find an unconstitutional interference with interstate commerce when the only interstate activity is mail communication between the seller and customer. *National Bellas Hess, Inc. v. Department of Revenue of the State of Illinois,* 386 U.S. 753, 760, 87 S.Ct. 1389, 1393, 18 L.Ed.2d 505, 510 (1967).

Limiting our decision to the particular facts of this case, we find no violation of the Commerce Clause. All the services for which the tax was levied were performed here. There is no other state which has any relation, however remote, to those services. The United States Supreme Court recognized a state's right to impose an income tax under similar circumstances in *Evco v. Jones* 409 U.S. 91, 93, 93 S.Ct. 349, 350, 34 L.Ed.2d 325, 328 (1972), where this statement appears:

> "Our prior cases indicate that a State may tax the proceeds from services performed in the taxing State, even though they are sold to purchasers in another State. Hence, in *Department of Treasury v. Ingram-Richardson Mfg. Co.,* 313 U.S. 252, 61 S.Ct. 866, 85 L.Ed. 1313, the Court upheld a state gross income tax imposed on a taxpayer engaged in the process of enameling metal parts for its customers. We accepted the finding of the court below that this was a tax on income derived from services, not from the sales of finished products, and we found irrelevant the fact that the sales were made to out-of-state customers.

> The tax was validly imposed on the service performed in the taxing State. See also *Western Live Stock v. Bureau of Revenue,* 303 U.S. 250, 58 S.Ct. 546, 82 L.Ed. 823, 115 A.L.R. 944."

The principal impact of Corning's argument is that several states have statutes subjecting the receipt and use of Corning's reports to a use tax. This, Corning argues, is sufficient to establish multiple taxation. We do not agree.

We believe Corning has failed to show an unconstitutional interference with interstate commerce. There is no evidence that any other state has attempted to tax the use of the information contained in the reports. Neither is there any proof as to the extent to which Corning has dealings in those states which permit such a tax.

This does not met the test of demonstrating multiple taxation. In affirming our decision in *Moorman Manufacturing Co. v. Bair, Director of Revenue,* 254 N.W.2d 737 (Iowa 1977), the United States Supreme Court said a finding of duplicative taxes should not rest on "speculative" grounds and, even more significantly, that there must be clear and persuasive evidence to hold one state rather than another responsible for any "overlap" in taxation. *Moorman Manufacturing Company v. Bair, Director of Revenue,* —— U.S. ——, 98 S.Ct. 2340, 57 L.Ed.2d 197 (1978). *See also General Motors Corp. v. Washington,* 377 U.S. 436, 449, 84 S.Ct. 1564, 1572, 12 L.Ed.2d 430, 440 (1964). As already noted the record here fails to meet this test.

In considering a similar problem the court said in *Hawes v. National Service Industries, Inc.,* 121 Ga.App. 775, 175 S.E.2d 34, 39 (1970), modified and affirmed, 227 Ga. 221, 179 S.E.2d 765 (1971):

> "Conceding that under the Commerce Clause of the United States Constitution interstate commerce cannot be subjected to the burden of multiple taxation (see *Michigan-Wisconsin Pipe Line Company v. Calvert,* 347 U.S. 157, 170, 74 S.Ct. 396, 98 L.Ed. 583; *General Motors Corporation v. Washington,* 377 U.S. 436, 440, 84 S.Ct. 1564, 12 L.Ed.2d 430) no controlling

precedent has come to our attention to require a holding that the taxes, as here assessed and collected by Georgia under the statutes imposing a sales and use tax and permitting credit on Georgia taxes for like taxes previously paid, but without credit for like taxes imposed in the state of ultimate destination, creates a multiple taxing situation on interstate commerce, which Georgia must resolve, to avoid an unconstitutional application of its taxing statutes, as contended by the taxpayer, by deferring to the State of ultimate destination imposing like taxes. Which State should defer may be a policy matter which addresses itself to the Congress of the United States."

The Supreme Court has expressed similar views on several occasions in suggesting the regulation of such matters is for congressional action. *See National Bellas Hess, Inc. v. Department of Revenue of the State of Illinois,* 386 U.S. 753, 759–61, 87 S.Ct. 1389, 1392–93, 18 L.Ed.2d 505, 510–11 (1967).

More recently in our *Moorman* case the Supreme Court said:

"While the freedom of the States to formulate independent policy in this area [of duplicative tax on Corporate income] may have to yield to an overriding national interest in uniformity, the content of any uniform rules to which they must subscribe should be determined only after due consideration is given to the interests of all affected States. It is clear that the legislative power granted to Congress by the Commerce Clause of the Constitution would amply justify the enactment of legislation requiring all States to adhere to uniform rules for the division of income. It is to that body, and not this Court, that the Constitution has committed such policy decisions." (—— U.S. ——, 98 S.Ct. at 2348, 57 L.Ed.2d 197).

We hold Iowa may validly impose a sales tax on the services performed by Corning wholly within this state for out-of-state customers and that such services are not exempt under § 422.45(1), The Code. The case is reversed and remanded for entry of judgment accordingly.

REVERSED and REMANDED.

All Justices concur except ALLBEE, McGIVERIN and LARSON, JJ., who take no part.