607 P.2d 1161

**E G & G, INC., Appellant,**

v.

**DIRECTOR, REVENUE DIVISION TAXATION AND REVENUE DEPARTMENT, Appellee.**

**No. 3826.**

Court of Appeals of New Mexico.

Oct. 30, 1979.

Writ of Certiorari Denied Dec. 13, 1979.

Norman S. Thayer, Sutin, Thayer & Browne, Albuquerque, for appellant.

Bruce E. Wiggins, Albuquerque, for Computer Sciences Corp., amicus curiae.

Jeff Bingaman, Atty. Gen., Jan Unna, Sp. Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

HENDLEY, Judge.

On January 25, 1977, EG&G filed a request for a refund for gross receipts taxes it had paid in connection with monies received under a research and development contract with the Air Force Weapons Laboratory, Kirtland A.F.B., New Mexico. In June, 1977, the request was rejected and EG&G filed suit in district court. The trial court granted summary judgment in favor of the Director. EG&G appeals and we affirm.

The issue to be resolved is whether the gross receipts on which taxes were paid were derived from the sale of tangible personal property. Section 7–9–54, N.M.S.A. 1978, in pertinent part, reads as follows:

> Receipts from selling tangible personal property, * * * to the United States or any agency or instrumentality thereof or the state of New Mexico or any political subdivision thereof may be deducted from gross receipts. * * * That portion of the receipts from performing a service as defined in Subsection K of Section 7–9–3 NMSA 1978 which reflects the value of tangible personal property utilized or produced in the performance of such service is not deductible.

In 1976 the Legislature amended the relevant statutes, § 7–9–3 K, N.M.S.A. 1978 (formerly § 72–16A–3 K), and § 7–9–54, supra, (formerly § 72–16A–14.9). We are called upon to interpret these amendments and decide what effect, if any, the 1976 modifications had on the body of case law developed prior to the enactment of the amendments.

I. *PRE–AMENDMENT CASE LAW*

All parties agree that pre-amendment interpretation of the relevant tax law was governed by *Evco v. Jones*, 81 N.M. 724, 472 P.2d 987 (Ct.App.1970), reversed on other grounds, 409 U.S. 91, 93 S.Ct. 349, 34 L.Ed.2d 325 (1972), and its progeny of cases. In *Evco, supra*, the Court adopted a test concentrating on the end product transferred as opposed to one concentrating on the

relative inputs of materials and labor. The Court stated:

> [T]he finished form of the items was essential to the use for which they were intended, and their great value to their purchasers, as the means of accomplishing the ultimate purposes of the contracts, depended on their existence in their finished form.

*Evco, supra,* stands for the proposition that the appropriate focus of inquiry is on the independent significance of the tangible end products and not on the manner in which those end products were created. *Evco* rejected the "predominant ingredient test," which focuses on how the end product is created, when the Court stated:

> The fact that their value depended very largely upon the skills, learning, and technical abilities of the taxpayer, rather than the physical or tangible materials which went into their makeup, made them nonetheless tangible personal property subject to sale.

## II. *THE 1976 AMENDMENTS*

In 1976 the New Mexico Legislature amended § 72–16A–3 K (present § 7–9–3 K, *supra*) and § 72–16A–14.9 (present § 7–9–54, *supra*) as follows:

Former § 72–16A–3 K:

"service" means all activities engaged in for other persons for a consideration, which activities involve *primarily* the performance of a service as distinguished from selling property.

Amended § 7–9–3 K:

"service" means all activities engaged in for other persons for a consideration, which activities involve *predominately* the performance of a service as distinguished from selling property. *In determining what is a service, the intended use, principal objective or ultimate objective of the contracting parties shall not be controlling.* (Emphasis on amendments.)

Former § 72–16A–14.9:

Receipts from selling tangible personal property, * * * to the United States or any agency or instrumentality thereof of the state of New Mexico or any political subdivision thereof may be deducted from gross receipts. * * *

Amended § 7–9–54:

Receipts from selling tangible personal property, * * * to the United States or any agency or instrumentality thereof or the state of New Mexico or any political subdivision thereof may be deducted from gross receipts. * * * *That portion of the receipts from performing a service as defined in Subsection K of Section 7–9–3 NMSA 1978 which reflects the value of tangible personal property utilized or produced in performance of such service is not deductible.* (Emphasis on amendments.)

It is over the meaning and effect of these amendments that the instant controversy centers. The Director contends that the amendments overruled the existing case law and, in effect, completely invalidated the test announced in *Evco, supra.* The Director further contends that the amendments changed the test from one focusing on the end product's value to the purchaser to one focusing on the nature of seller's activity—seller's relative investment of skills and materials. We agree. The test the Legislature has adopted is the "predominant ingredient" test that the *Evco* court recognized to be the majority rule.

In *State ex rel. Bird v. Apodaca,* 91 N.M. 279, 283, 573 P.2d 213, 218 (1977), the Supreme Court stated that when the Legislature changes a statute ". . . we presume that it intended to change the law as it previously existed." That the Legislature meant to overrule *Evco, supra,* is explicit from their adding of the following sentence to 7–9–3 K, *supra*:

> In determining what is a service, the intended use, principal objective or ultimate objective of the contracting party shall not be controlling.

In addition to the Legislature's rejection of the end product oriented approach of *Evco,* the Legislature substituted the word "predominately" for "primarily." Under the circumstances, the purpose of this sub-

stitution appears to be to adopt the definition of services followed by most jurisdictions; that is, the "predominant ingredient" test. *Evco v. Jones, supra.*

Appellant contends that there is no need to reach the amendments to § 7–9–3 K, *supra,* as the only issue presented is whether the sale in question was tangible property. Therefore, the only applicable section is § 7–9–54, *supra.* This argument fails on two grounds. First, it has long been the rule in New Mexico, " * * * that all parts of an act relating to the same subject should be considered together, and not each by itself." *Sakariason v. Mechem,* 20 N.M. 307, 309, 149 P. 352, 353 (1915). Second, since the amended § 7–9–54, *supra,* cites § 7–9–3 K as the definitional section for "services," we must, under these facts, consider § 7–9–54, *supra,* in connection with § 7–9–3 K, *supra.*

### III. *THE SUMMARY JUDGMENT*

Summary judgment is appropriate only where there are no genuine issues of material fact. *Buffington v. Continental Casualty Company,* 69 N.M. 365, 367 P.2d 539 (1961). If there are any genuine issues of material fact, summary judgment must be denied. See *Goodman v. Brock,* 83 N.M. 789, 498 P.2d 676 (1972).

The only material issue of fact under the test adopted by the Legislature relates to the relative inputs of services and tangible property. Both sides agree that all material facts were presented to the trial court. The uncontroverted evidence is that the overwhelming percentage of the costs were not for the cost of tangible property. In fact, only $5,500 of the $1,353,000 contract was for such property, approximately 4/1,000ths of the contract price. Summary judgment in favor of the Director was proper.

Affirmed.

IT IS SO ORDERED.

HERNANDEZ and WALTERS, JJ., concur.